RICHARDSON & BOYNTON CO: *v.* BARSTOW STOVE CO. *et al.*

(*Supreme Court, Special Term, New York County.* December 11, 1890.)

1. OBSTRUCTION OF SIDEWALK—INJUNCTION.

An injunction to restrain defendants from using the sidewalk of a city street in front of their premises for loading, unloading, and storing goods thereon, should not be granted before trial of an action therefor, upon conflicting affidavits as to whether the sidewalk is unnecessarily obstructed.

2. SAME.

Nor should a temporary injunction be issued to restrain defendants from maintaining a permanent bridge across the gutter of the street in front of their premises, where it appears that such bridge was constructed pursuant to an ordinance of the city, and that it may be proper for lawful uses, other than driving or backing teams or wagons on the sidewalk.

3. SAME.

The use of a sidewalk of a city street, by abutting owners, for driving and backing teams and wagons thereon, cannot be justified as necessary for the transaction of their business, or because the street is narrow; and in the absence of any clear authority therefor by statute or city ordinance, apart from the question of the constitutionality of such an enactment, such use of the sidewalk should be restrained by injunction.

Motion to continue a preliminary injunction.

Action by the Richardson & Boynton Company for an injunction against the Barstow Stove Company and others.

*Charles Henry Phelps,* for plaintiff. *George H. Pettit,* for defendants.

O'BRIEN, J. This action is brought to obtain an injunction restraining the defendants from—*First*, unreasonably using the sidewalk in front of their premises, by loading, unloading,and storing their goods thereon; and, *second*, from maintaining a permanent bridge or covering across the gutter, and using the same for backing and driving wagons over the sidewalk.

As to the first, until the trial of the action, no injunction should be granted, as it is impossible to determine from the conflicting affidavits as to whether or not the use made of the sidewalk for loading, unloading, and storing goods is unreasonable. If upon the trial it can be shown that by such use the sidewalk is unnecessarily obstructed, then, within the principle laid down in *Callanan* v. *Gilman*, 107 N. Y. 361, 14 N. E. Rep. 264, it will be enjoined.

The second ground for which the temporary injunction is sought is as to the right of the defendant to maintain the permanent bridge over the gutter, and to use the same for the purpose of driving wagons and trucks upon the sidewalk. As to the bridge itself, the question of its removal should also be left until the trial of the action, for it is made to appear that the same was constructed pursuant to an ordinance of the common council; and while its use as a means of ingress and egress to and from the sidewalk may not be justified, it may be proper for uses or purposes which, upon a consideration of all the facts, would be lawful.

The real question therefore remaining is as to the right of the defendants to be allowed to drive or back teams or trucks on the sidewalk. This is sought to be justified upon the ground that it is necessary for the transaction of plaintiff's business, and is a reasonable use of the sidewalk, having regard for the rights of the public. This precise question has not been directly passed upon, but, upon principle and reason, it does not seem to me that such use of sidewalks can be justified. In the division of the space between the houses provision is made in the street for wagons and carts, and the sidewalks are constructed for, and allotted to, pedestrians. The claim that, because the street is narrow, such use of the sidewalk is justified, does not seem to me to have much force, for no good reason is shown why pedestrians should be prevented from traversing over a sidewalk in a narrow street any more than on a sidewalk in a wider and broader avenue. It is evident that in a narrow street, like Nassau, or in Broadway, Fifth, Sixth, or any of the larger avenues and streets, the obstruction of the sidewalk by wagons and trucks would be the subject of just comment and complaint. As was said in the case of *People* v. *Cunningham*, 1 Denio, 524: "The fact that defendants' business was lawful does not afford them a justification in annoying the public in transacting it, because they have no right to occupy the public highway so as to impede the free passage of it by citizens generally." To justify this use of the sidewalk, the same argument is advanced as was in the case of *Callanan* v. *Gilman, supra,* that such use of the street is necessary to the transaction of the defendants' business. As was said in that case: "The answer is to be found in the observations of the court in *Russell's Case*, 6 East, 427: 'They must either enlarge their premises or remove their business to some more convenient spot. Private interests must be made subservient to the general interests of the community.'" Even though necessary for defendants' business, this would not authorize such use of the sidewalks. A conflict, however, arises as to its being necessary for defendants' business to back wagons upon the sidewalk, the plaintiff showing that it is in the same business, has a larger trade carried on in the adjoining store, and that it has never found it necessary to back its wagons and trucks upon the sidewalk. Neither does it appear that their being prevented from driving on the sidewalk would interfere with the cars of the Second Avenue Railway Company, which has a track in that street, for it is shown by accurate measurements taken that the distance from the curb to the nearest railroad track is ten feet, and that, with a truck standing upon the street, there would still be a clear space of four feet and

three inches between it and the track. This, of course, would not permit the truck to back up at right angles with the curb. But this is not shown to be necessary, for the plaintiff, with the same class of goods, loads its 12 or more trucks while standing sideways to the sidewalk, occupying less than 6 feet of the street, and not trespassing at all on the sidewalk.

The second ground upon which the defendants seek to justify the use of the sidewalk is that such use is authorized by ordinance of the common council, (section 86, Consolidation Act 1882.) Under this authority it is claimed that the common council has exercised its powers, and in its revised ordinances has expressly authorized such use of Water street and its sidewalks. Apart from the constitutionality of any such enactment, it is doubtful if the consolidation act relied upon conferred any such power upon the common council. Section 86 conferred upon the common council the power to make ordinances, to regulate the use of streets, etc., but the provision with reference to encroachments and obstructions upon the streets authorized the common council to make such ordinances to prevent obstructions, and expressly limiting its power to authorize the placing or continuing of any encroachment or obstruction upon the street, to the temporary occupation thereof during the erection or repair of a building. It is sufficient for the purpose of this motion that the use to which the sidewalk is to be put by the defendants is not the ordinary use for which sidewalks were intended, and, in the absence of any clear authority permitting the same, it should not, to the injury of the plaintiff and the public generally, be tolerated or allowed. The defendants, therefore, having failed to justify such use, the same should be prevented during the continuance of the action, leaving the question for final determination to the court upon the trial. Ordered accordingly.